<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| U.S.A., | : | |
| Plaintiff, | : | Crim. No. 04-cr-609 (KSH) |
| -v- | : | |
| ADRIANA CUARTAS, | : | |
| Defendant | : | |
| ADRIANA CUARTAS, | : | |
| Petitioner, | : | Civ. No. 13-6180 (DRD) |
| -v- | : | |
| U.S.A., | : | |
| Respondent | : | O P I N I O N |

---

Adriana Cuartas
Federal Correctional Institution
33 1/2 Pembroke Road
Danbury, CT 06611-3099
        Petitioner, Pro Se

Paul J. Fishman, U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
By: Dennis C. Carletta, Asst. U.S. Attorney
        For Respondent

<u>Dickinson R. Debevoise, U.S.S. District Judge</u>

      Petitioner, Adriana Cuartas moves under 18 U.S.C. § 582 for a two point Safety Valve Reduction. She seeks this two level reduction in her sentence pursuant to U.S.S.G. § 5C1.2. The Government has moved for a denial of the Petition. The Government's motion will be granted.

On October 19, 2008, the Court sentenced Petitioner to a statutory mandatory minimum term of 120 months confinement and five years' supervised release following her conviction at trial for her role in a conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846. Petitioner testified on her own behalf at trial and denied her guilt.

The Court of Appeals affirmed Petitioner's conviction and sentence on July 1, 2008. In July, 2008, Petitioner filed two motions (treated as one) pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct her sentences on the ground that she had been denied effective assistance of counsel. In part, she contended that she should have been afforded a two-level reduction for Safety Valve eligibility under U.S.S.G. § 5C1.2. That motion was denied. Subsequently, Petitioner filed a pro se habeas petition seeking placement in a Residential Reentry Center for the remainder of her prison term pursuant to 28 U.S.C. § 2241. The Court denied the petition. On October 10, 2013, Petitioner filed an additional § 2255 motion seeking to vacate, set aside or correct her sentence under the recent Supreme Court's holding in <u>Alleyue v. United States</u>, 133 S.Ct. 2151 (2013). The Court denied the motion in February, 2014. The present petition followed.

18 U.S.C. § 3582 (c),pursuant to which Petitioner is now proceeding, permits modification of a term of imprisonment only under narrow circumstances, including: (i) upon motion of the Director of the Bureau of Prisons for extraordinary and compelling reasons, (ii) for any reasons expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure (none of which pertains here), (iii) where a sentencing range has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28 U.S.C. § 994 (o). None of these circumstances prevail, and consequently, the Petition must be denied. There are other reasons why Petitioner's

Petition must be dismissed but in view of her failure to meet the requirements of 18 U.S.C. § 3582 (c),pursuant to which she is proceeding, they need not be pursued.

The Court will file an appropriate Order.

**DICKINSON R. DEBEVOISE**
**U.S. Senior District Judge**

DATED: May 9, 2014